UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| USAA CASUALTY INSURANCE COMPANY, a/s/o Michael J. Daley, Jennifer Daley, Catherine Rajwani, and Shehzad Rajwani,<br><br>        Plaintiffs,<br><br>    v.<br><br>FREDERICK J. DODD, et al.,<br><br>        Defendants. | Civil Action No.<br>24-10430-BEM |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

**MURPHY, J.**

Defendant Frederick J. Dodd has moved for leave to file a third-party complaint against a minor ("QQ")[1] and Trung Dang. Dkt. 25. The motion is DENIED WITH PREJUDICE as to QQ and DENIED WITHOUT PREJUDICE as to Dang.

**I.   Background**

This action concerns the allocation of liability arising from an accident which took place at Dodd's rental home. Dkt. 25-1 at 1. Plaintiff USAA Casualty Insurance Company ("USAA") settled claims asserted against its insured on their behalf and now seeks contribution from Dodd for his alleged pro rata share. *See generally* Dkt. 1 at 8–14. Dodd, in turn, seeks leave to implead QQ and Dang as additional tortfeasors. Dkts. 25–26.

---

[1] QQ is identified by a different set of initials in the sealed motion and briefing.

## II.  Standard

Leave to file a third-party complaint is within the discretion of the Court.[2]  *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 393 (1st Cir. 1999).  Leave may be denied where third-party claims would "unduly delay or otherwise prejudice the ongoing proceedings," *id.*, or where the proposed claims lack merit, *Venuti v. Riordan*, 702 F.2d 6, 9 (1st Cir. 1983); *Carreiro v. Otto Env't Sys. N. Am., Inc.*, 2022 WL 1322563, at *2 (D. Mass. May 3, 2022).

## III.  Discussion

### A.  QQ

USAA argues that Dodd's contribution claim against QQ is barred because QQ was among the insured on whose behalf USAA settled claims.  Dkt. 26 at 6–7.  Indeed, under Massachusetts law, settling tortfeasors are discharged "from all liability for contribution to any other tortfeasor."  M.G.L. ch. 231B, § 4(b); *see also Bishop v. Klein*, 380 Mass. 285, 294 (1980) ("[§ 4(b)] was drafted to encourage settlements in multiple party tort actions by clearly delineating the effect settlement will have on collateral rights and liabilities in future litigation.").

Dodd counters that this bar to liability does not matter because the claim is "not intended to collect any monetary damages."  Dkt. 33 at 1.  In fact, Dodd's proposed third-party complaint seeks no specific relief with respect to the claim against QQ.[3]  Dkt. 25-2 at 4.  Rather, Dodd states that his "only purpose for adding QQ as a party in this matter was to make sure there was no conflict between the contribution statute" and another Massachusetts liability statute he believes is relevant.  Dkt. 33 at 1.  Dodd asks, if his third-party claim against QQ is not allowed to proceed, that the Court rule on "whether there is a conflict between these two statutes."  *Id.* at 2.

---

[2] A defendant may file a third-party complaint without leave if he does so within 14 days of serving his original answer.  Fed. R. Civ. P. 14(a)(1).

[3] Dodd *does* seek specific relief with respect to Dang.  Dkt. 25-2 at 4.

Dodd therefore proposes that he be allowed to assert a claim for which he admits there is no available remedy, as a vehicle for the Court's opinion on the interplay between two state statutes. Such would amount only to an improper advisory opinion. *California v. Texas*, 593 U.S. 659, 673 (2021). If there is any merit to Dodd's alluded-to legal arguments, those arguments must be raised in the appropriate posture, in the context of redressable claims.

Because the proposed third-party complaint, as it pertains to QQ, is necessarily futile, the motion is DENIED WITH PREJUDICE.

### B. Dang

USAA does not argue that Dodd's third-party claim against Dang is similarly barred as a matter of law. Nevertheless, USAA generally calls Dodd's motion "untimely," coming "over a year following the commencement of this lawsuit." Dkt. 26 at 7.[4] Indeed, there are only about five weeks left in discovery, which has already been extended. *See* Dkts. 15, 18, 24. Moreover, the Court observes that the proposed third-party complaint, as it pertains to Dang, contains functionally zero non-conclusory allegations, Dkt. 25-2 at 3–4. Thus, as written, it lacks merit.[5]

For these reasons, the motion is DENIED WITHOUT PREJUDICE as to a third-party claim against Dang. Dodd may seek leave to file a third-party complaint against Dang that satisfies Rule 8, subject to any valid objection, including that the additional claim would "unduly delay or otherwise prejudice the ongoing proceedings," *Lehman*, 166 F.3d at 393.[6]

---

[4] Dodd admits that Dang was identified in USAA's initial disclosures and in interrogatory responses. Dkt. 25-1 at 2. The initial disclosures were presumably served by their due date, June 14, 2024. *See* Dkt. 15. The interrogatory responses were served December 6, 2024. Dkt. 25-1 at 2.

[5] The proposed third-party complaint incorporates USAA's complaint and allegations. Dkt. 25-2 at 2. But that adds nothing because USAA's complaint makes no mention of Dang. *See* Dkt. 25-2 at 6–11.

[6] The parties are expected to confer before filing, per Local Rule 7.1. If USAA has no objection, the motion should be assented to.

## IV.  Conclusion

Accordingly, Dodd's motion for leave is DENIED WITH PREJUDICE as to QQ and DENIED WITHOUT PREJUDICE as to Dang.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ Brian E. Murphy |
|  | Brian E. Murphy |
| Dated:  March 28, 2025 | Judge, United States District Court |