UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>       v.<br><br>FREDERICK J. DODD,<br><br>       Defendant,<br><br>       v.<br><br>TRUNG DANG,<br><br>       Third-Party Defendant. | Civil Action No.<br>24-10430-BEM |

**MEMORANDUM AND ORDER ON**
**THIRD-PARTY DEFENDANT'S MOTION TO DISMISS**

**MURPHY, J.**

      This case concerns the assignment of liability for an accident that occurred at a rental property owned by Defendant Frederick J. Dodd.  Plaintiff USAA Casualty Insurance Company ("USAA") paid out a settlement to the accident victim and seeks contribution from Dodd.  *See generally* Dkt. 10 at 4–10 ("Compl.").  Dodd, in turn, seeks to bring in Third-Party Defendant Trung Dang likewise for contribution.  Dkt. 40.  Dang now moves to dismiss that third-party complaint.  Dkt. 46.  For the reasons stated herein, the Court will deny Dang's motion.

**I.**    **Settlement Agreement**

      Dang argues that his inclusion as a "releasee" in the settlement agreement paid for by USAA discharges him from liability under Mass. Gen. Laws c. 231B § 4. Dkt. 46 ("Mot.") at 1–5;

*see also* Dkt. 26-1 at 70–75 (the "Release and Settlement Agreement").[1] This argument confuses the statute. A settling tort claimant must release all potential tortfeasors from primary liability for contribution to lie. Mass. Gen. Laws c. 231B § 3(d) (barring contribution claim pursuant to a settlement agreement unless the "common liability" is extinguished); *see also Med. Pro. Mut. Ins. Co. v. Breon Lab'ys, Inc.*, 966 F. Supp. 120, 124 (D. Mass. 1997) (explaining that "if a party settles for all joint tortfeasors, that party is rewarded with the right of contribution"). Thus, Dang's release was a necessary predicate, rather than a bar, to any contribution claim.

Whether Dang is insulated from secondary liability in contribution hinges on whether he himself was "given" the "release or covenant not to sue."[2] Mass. Gen. Laws c. 231B § 4. In other words, was Dang included in the list of releasees as a "settling tortfeasor" or merely pursuant to the general release requirement? *See Med. Pro.*, 966 F. Supp. at 124 (quoting *Barrios v. Viking Seafood, Inc.*, 1996 WL 751535, at *4 (Mass. Super. Dec. 23, 1996)). Limited to the facts before it in the pleadings, the Court cannot now answer that question as a matter of law.[3]

## II.   Third-Party Defendant Liability

Dang next argues that Dodd's contribution claim is procedurally improper under Federal Rule 14, which requires that third-party liability be derivative of a defendant's liability. Mot. at 5. But contribution is a paradigmatic form of derivative liability, and "Fed. R. Civ. P. 14(a) permits defendants to implead a joint tortfeasor." *Fernandez v. Corporacion Insular De Seguros*, 79 F.3d

---

[1] The Court may consider the Release and Settlement Agreement on this motion to dismiss as its authenticity is not disputed and as it is expressly referenced in USAA's original complaint, Compl. ¶¶ 22–23, 30, 37, and therefore incorporated into Dodd's third-party complaint, Dkt. 40 ¶ 7. *See Schaefer v. Indymac Mortg. Servs.*, 731 F.3d 98, 100 (1st Cir. 2013).

[2] Dodd also challenges whether, if given, any covenant was in good faith, as required by the statute. *See* Dkt. 51 at 6. Denying the motion, the Court need not reach that argument.

[3] The Court notes that USAA previously (and successfully) advanced this same argument as to another individual whom Dodd attempted to bring in as a third-party defendant but who was undisputedly a settling tortfeasor as one of USAA's insureds. *See* Dkts. 25–26, 33, 36.

207, 210 (1st Cir. 1996) (citing *Reyes–Lopez v. Misener Marine Constr. Co.*, 854 F.2d 529, 535 n.23 (1st Cir. 1988)); *see also* 6 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1451 (3d ed.) ("The contingent claim normally stems from the third-party plaintiff's right of indemnity, subrogation, contribution, or warranty."); *cf. Gabbidon v. King*, 414 Mass. 685, 686 (1993) (parallel rule under Massachusetts law "is intended to be used in situations of indemnity or possible contribution").[4]

### III.  Conclusion

For the foregoing reasons, Dang's motion to dismiss is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ Brian E. Murphy |
|  | Brian E. Murphy |
| Dated:  June 16, 2025 | Judge, United States District Court |

---

[4] The Court further cautions counsel regarding the use of quotation marks. *See* Dkt. 46 at 6 (seeming to offer quotation from *United States v. Jollimore*, 2 F.R.D. 148, 149 (D. Mass. 1941)).

3